**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
BIENVENIDO FRANCO Individually, and on
Behalf of All Others Similarly Situated,

                         Plaintiffs**,**                  **MEMORANDUM
                                                             AND ORDER**

                   - against -
                                                                 CV 07-3956 (JS) (AKT)

**IDEAL MORTGAGE BANKERS, LTD.**
d/b/a Lend America,

                         Defendant.
----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.     PRELIMINARY STATEMENT**

      Plaintiff Bienvenido Franco, proceeding individually and on behalf of all others similarly situated ("Plaintiff") has made two motions which are presently pending before the Court: (1) a motion for leave to file a Second Amended Complaint [DE 112], and (2) a motion to consolidate this action with *Fraser, et al. v. Ideal Mortgage Bankers, Ltd., et al.*, which is currently proceeding under Civil Docket Number 09 CV 664 [DE 121].

      Although Judge Seybert initially referred these motions to me to issue a Report and Recommendation [*see* DE 117, 125], she subsequently found that "since neither the motion to amend or the motion to consolidate are dispositive motions, Judge Tomlinson has the authority to rule on both motions under 28 U.S.C. § 636(b)(1)(A)" [DE 127]. For the reasons set forth more fully below, both motions are GRANTED.

**II.    BACKGROUND**

      Plaintiff filed the original Complaint on September 21, 2007 [DE 1] alleging that Defendant Ideal Mortgage Bankers, Ltd. (then-captioned as Lend America, Inc.) had violated the

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay him and other similarly-situated employee loan officers minimum wages and overtime pay. On March 4, 2008, Plaintiff filed a motion to amend the Complaint to (1) correct Defendant's corporate name, (2) add claims under the New York State Labor Law, and (3) add four named corporate officers of Defendant as individual defendants [DE 23]. While Defendant did not oppose Plaintiff's request to amend the Complaint to correct its corporate name, Defendant did object to Plaintiff's proposed addition of state law claims and four individual defendants [*see* DE 26]. Subsequently, Plaintiff filed a motion for conditional certification as a collective action and to facilitate notice under the FLSA [DE 38], which motion was also opposed by Defendant [*see* DE 47].

After both motions were fully briefed, the parties entered into a Stipulation dated July 10, 2009 [DE 53] (the "Stipulation") in which they agreed to a proposed Notice and Opt-In Consent Form [DE 53, Exs. A & B]. Defendant agreed to identify a list of employees who were similarly situated to Plaintiff and the parties requested that the Court issue an Order (1) conditionally certifying the case as a collective action under Section 216(b) of the FLSA, and, (2) authorizing Plaintiff's counsel to distribute notice to potential collective action members [DE 53]. Plaintiff Franco agreed to voluntarily withdraw his pending motion to amend the Complaint, and the parties stipulated that an Amended Complaint would be filed which contained Defendant's correct corporate name [*see* DE 53, Ex. C]. Judge Seybert granted the parties' requests and "so ordered" the Stipulation on August 13, 2009 [DE 56].

### III. THE MOTION TO AMEND

#### A. The Parties' Contentions

Plaintiff again seeks to add four of Defendant's executives as individually-named Defendants.[1] Plaintiff contends that Defendant's initial document production, which began on a rolling basis in early 2008, demonstrated that these four executives[2] "are individually responsible for Defendant's violations of the FLSA." Pl.'s Mem. of Law in Supp. of Mot. for Leave to File an Am. Compl ("Pl. Mem. to Am.") at 2. As such, Plaintiff filed its March 4, 2008 motion to amend the Complaint to add these individuals as defendants, although that motion was subsequently withdrawn as part of the Stipulation. *Id.*

Plaintiff claims that its proposed addition of Defendant's executives as named defendants would not be futile. *Id.* at 4. Specifically, Plaintiff asserts that these executives are "corporate officers with operational control of a covered enterprise" and, as such, are considered "employers" within the meaning of the FLSA. *Id.* at 4-5. According to Plaintiff, therefore, these executives are "jointly and severally liable under the FLSA for unpaid wages." *Id.* at 5. Plaintiff contends that the proposed Second Amended Complaint contains identical claims against the individual executives and "will not cause the parties to conduct any discovery they otherwise would not." Pl.'s Reply in Supp. of Mot. to Am. Compl. (Reply Am. Compl.) at 3. Specifically,

---

[1] In Plaintiff's March 4, 2008 motion, Plaintiff sought to add the same four individuals as defendants. As noted above, that motion was fully briefed but withdrawn. Plaintiff does not seek to leave to add a claim under any New York state laws, as he did in his previous motion.

[2] These four executives and their described titles are: (1) Michael Ashley, Vice President and Chief Strategist; (2) Michael Primeau, President and Chief Executive Officer; (3) Helene DeCillis, Chief Operation Officer; and (4) Timothy Mayette, Chief Financial Officer. Pl. Mem. to Am. at 2.

Plaintiff maintains that he would depose these four executives "regardless of whether they are named as defendants." *Id.* According to Plaintiff, Defendant would not be seeking "depositions or documents from its own executives," because "the corporate defendant already has full access to all the information it could possibly need to mount its defense." *Id.*

Plaintiff states that his original motion to amend was filed in March 2008 "immediately upon discovering their potential liability based on documents produced by Lend America" in early 2008. *Id.* at 4. Moreover, Plaintiff asserts that based upon confidential information learned during the parties' mediation session (which took place in January 2009), "Plaintiffs have concluded, in the interests of protecting their clients, that it is even more vital to name these persons now." *Id.* at 5.

In opposition, Defendant argues that allowing Plaintiff to add four additional defendants would cause Defendant to suffer undue prejudice. Def. Opp'n to Pl.'s Mot. To Am. Compl. ("Def. Opp'n to Am.") at 1. First, Defendant contends that permitting the amendment would result in Defendant's "costs in defending the matter and preparing for trial [to] increase exponentially." *Id.* at 7. Defendant asserts that the parties have already exchanged a first set of discovery requests and Defendant has reviewed and produced tens of thousands of documents. *Id.* According to Defendant, if Plaintiff is allowed to add four new individual defendants, Defendant would be subjected to additional depositions, discovery requests, and motion practice. *Id.*

Second, Defendant states that "Franco has not provided the requisite reasoning for his initial omission of the individuals he now seeks to add as defendants." *Id.* at 8. Finally,

Defendant claims that the addition of four new defendants will result in a significant delay in the form of "more motion practice and additional discovery." *Id.*

B. **Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure provides that

(1) A party may amend its pleading once as a matter of course:

(A) before being served with a responsive pleading; or
(B) within 20 days after service of the pleading if the responsive pleading is not allowed and the action is not yet on the trial calendar.

(2) In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a);[3] *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 259 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Leave to amend should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005);

---

[3] Although not raised in the parties' papers, this type of motion would ordinarily implicate not only Rule 15(a) which governs amendment of pleadings generally, but also Rule 20(a), governing permissive joinder, and Rule 21, which states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. *See Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.*, No. 94 Civ.4518, 1997 WL 26293, at *1 n.2 (S.D.N.Y. Jan. 22, 1997) ("The Court possesses broad discretion under Fed. R. Civ. P. 21 to permit a change in the parties at any stage in the litigation") (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1687-88 (2d ed. 1986)); *Anjujar v. Gogowski*, 113 F.R.D. 151, 154 (S.D.N.Y. 1986) (noting Court's broad discretion to permit a change in parties under Rule 21). In addition, courts have repeatedly held that "while these various rules regulate" motions such as these, "there is in practical terms little difference between them." *Savine-Rivas v. Farina*, 1992 WL 193668, at *1 (E.D.N.Y. Aug. 4, 1992); *see also Deal v. Yurak*, 2007 WL 2789615, at *6 (N.D.N.Y. Sept. 24, 2007); *First City Nat'l. Bank v. Fed. Deposit Ins. Co.*, 730 F. Supp. 501, 515 (E.D.N.Y. 1990).

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).

    C.    **Discussion**

As noted above, "[l]eave to amend 'may *only* be granted when factors such as undue delay or undue prejudice to the opposing party are absent.'" *In re Wireless T. Services Antitrust Litig.*, 2004 WL 2244502, at *4 (S.D.N.Y. Oct. 6, 2004) (quoting *SCS Communications, Inc. v. The Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004)). Defendant does not appear to dispute Plaintiff's contention that its amendment would not be futile. Instead, Defendant suggests that Plaintiff has not provided a satisfactory reason to justify the proposed amendment. Further, Defendant asserts that if Plaintiff's motion is granted, Defendant will suffer undue prejudice.

The Court finds that Plaintiff has proffered a sufficient justification for the proposed amendment. Specifically, Plaintiff asserts that the evidence gleaned from Defendant's document production provided him with a good faith basis to claim that the four executives are "employers" within the meaning of the FLSA and are subject to liability. *See* Reply Am. Comp. at 4. Plaintiff timely filed his original motion to amend, which was subsequently withdrawn, upon discovery of that information. Moreover, Plaintiff contends that he learned additional information during the January 2009 mediation which further supports the good faith basis for asserting claims against those four executives.

Furthermore, the Court does not find that Defendant will suffer any undue prejudice should the proposed amendment be granted. As Plaintiff points out, he intends to depose the four executives whether or not they are named as defendants. *Gonzalez v. Nicholas Zito Racing Stable Inc.*, No. 04 CV 22, 2008 WL 941643, at *4 (E.D.N.Y. Mar. 31, 2008) (permitting

amendment when the "new claim is substantially related to the original claims for relief," key witnesses were already deposed, and "minimal additional discovery will be needed"); *R.B. Williams Holding Corp. v. Ameron Int'l Corp.*, No. 97-CV-0679E, 1998 WL 799155, at *2 (W.D.N.Y. Nov. 2, 1998) (granting leave to amend when "minimal, if any, additional discovery will be required"). Much of the documentation demonstrating that the executives are "employers" within the meaning of the FLSA would also be relevant, and therefore subject to production, in connection with Plaintiff's claims against the corporate Defendant. This is not a case in which Defendant would need to re-vamp its trial strategy or prepare to defend against claims based on new legal theories. *Compare Ewing v. Roslyn High Sch.*, 2007 WL 1110745, at *2 (E.D.N.Y. Apr. 9, 2007) (denying motion to amend when, *inter alia*, the assertion of a new claim "would require the defendant to re-analyze the legal issues in this case" and would make punitive damages available for the first time); *Wireless T. Services Antitrust Litig.*, 2004 WL 2244502, at *7 (finding prejudice when "all parties would at a minimum require an opportunity to retain and prepare new experts, prepare new and revised expert reports, and conduct expert discovery on the expanded issues"). Thus, the Court finds that the amendment would not unduly prejudice Defendant.

Moreover, permitting this amendment will not unduly delay the disposition of this matter. *See H.L. Hayden Co. of N.Y., Inc.*, 112 F.R.D. at 419 ("One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action."). Here, the parties have served and responded to their respective first sets of discovery requests. However, neither depositions nor expert discovery

have begun and no date has been set for trial on Judge Seybert's calendar. Accordingly, permitting the proposed amendment would not result in any undue delay.

For these reasons, Plaintiff's motion for leave to file the Second Amended Complaint is GRANTED.

## IV.    THE MOTION TO CONSOLIDATE

After the court-approved Notice was issued, approximately 265 individuals timely consented to become a party and "opted in" to this FLSA action. Pl. Mem. to Am. at 3. However, 12 other loan officers attempted to opt-in to the action after the expiration of the October 25, 2008 deadline. *Id.* According to Plaintiff, Defendant declined to "voluntarily allow them to participate in this action." *Id.* On February 17, 2009, those loan officers filed a separate Complaint captioned as *Fraser, et al. v. Ideal Mortgage Bankers, Ltd., et al.*, CV 09-664 (JS) (AKT). *Id.*

In the *Fraser* action, the plaintiffs have asserted collective claims under the FLSA against Defendant Ideal Mortgage Bankers Ltd. (as well as Individual Defendants Ashley, Mayette, Decillis, and Primeau) which are nearly identical to those contained in the Second Amended Complaint here. In addition, the Complaint in the *Fraser* action contains claims for violations of the New York Wage and Hour Law, New York Labor Articles 6 and 19, and the New York Codes Rules and Regulations §§ 138.21, *et seq.* (collectively, "New York State Claims"). The *Fraser* plaintiffs bring their New York State Claims as a putative class action under Fed. R. Civ. P. 23(b)(3).

### A. The Parties' Contentions

Plaintiff contends that this action and the *Fraser* action "arise from the same set of operative facts and present the same legal issues," namely, that Defendant Ideal Mortgage Bankers Ltd. "failed to pay its current and former loan officers minimum or overtime wages." Mem. in Supp. of Pls.' Mot. for Leave to Consolidate ("Pl. Mem. Consol.") at 2. In particular, Plaintiff asserts that the underlying facts in both actions "clearly dovetail with one another, and virtually the same witnesses and documents will be proffered at the trial of each action." *Id.* at 4. Plaintiff maintains that "without consolidation there is a palpable risk that two juries and courts presented with virtually identical facts, claims and defenses would reach inconsistent verdicts." *Id.* Plaintiff further argues that the Court's exercise of discretion to consolidate these two actions would be particularly appropriate since they are collective actions. *Id.* at 3.

Finally, Plaintiff argues that consolidation of these two actions will not prejudice Defendants in any way. Reply in Supp. of Pls.' Mot. for Leave to Consolidate ("Reply Consol.") at 2. According to Plaintiff, consolidating this action (which contains only FLSA claims) with the *Fraser* action (which contains both FLSA claims and New York State Claims) will not confuse the jury. *Id.* at 3. Plaintiff maintains that "New York federal district courts have consistently held that [FLSA and New York State Claims] are properly pled, litigated and tried together." *Id.* (collecting cases). Additionally, Plaintiff asserts that consolidation will not result in any undue delay. *Id.* at 4. Because this case is at a more advanced stage in litigation than *Fraser*, Plaintiff argues that "[c]onsolidation would provide the parties in *Fraser* with the discovery already produced in *Franco* and the benefit of this Court's prior rulings . . . if the parties are compelled to litigate *Fraser* from scratch, the parties will necessarily have to spend

hundreds, if not thousands, of hours re-litigating the exact same discovery, procedural and other issues already resolved [in *Franco*]." *Id.*

In opposition, Defendant contends that this action and the *Fraser* actions are "far from [ ] 'virtually identical'" because the *Fraser* Complaint also "includes a putative Rule 23 class action claim for alleged violations of the New York Labor Law."[4]  Def.'s Opp'n to Pl.'s Mot. for Leave to Consolidate ("Def. Opp'n Consol.") at 5.  Defendant asserts that because the *Fraser* action contains additional allegations related to the New York State Claims, "different factual issues" are involved.  *Id.* at 6.  Defendant further maintains that the *Fraser* action, which involves a putative class action claim, "will necessarily include class discovery and a motion to certify a Rule 23 class." *Id.*

According to Defendant, the two actions are at different stages of litigation: the parties in this matter "are in the final stages of written discovery and about to engage in depositions in anticipation of [Defendant's] motion for decertification of the collective action," while the parties in *Fraser* "are only about to begin motion practice regarding whether [the named plaintiffs] claims should be dismissed as a matter of law." *Id.*  Defendant also claims that a jury will be confused by trying "Franco's individual FLSA claim at the same time it tries to sort out the New York Labor Law class claims of the Rule 23 class and an FLSA [collective] action claim in the *Fraser* Action." *Id.* at 6-7.  Defendant responds to Plaintiff's concern about the possibility of inconsistent verdicts by arguing that "[a]ny purportedly inconsistent results would be based

---

[4]  Defendant also asserts that the *Fraser* Complaint "seeks to impose personal liability" against the four individual defendants who have been added to the *Franco* action by virtue of today's Order.  Def. Opp'n Consol. at 5.

upon the different factual circumstances surrounding each named plaintiff and the different defendants involved in each action." *Id.* at 8.

Finally, Defendant contends that consolidation will result in inefficiencies and delays. *Id.* Specifically, Defendant asserts that the *Franco* action, which the Court has already conditionally certified as a collective action under the FLSA, will be delayed while the Court resolves motions in the *Fraser* action for conditional certification as a collective action and for certification as a class action under Rule 23. *Id.* Further, if a class is certified in the *Fraser* action, Defendant contends that "discovery will involve a much larger group of individuals than the 259 opt-in plaintiffs currently involved in the *Franco* Action, and a much longer statute of limitations would apply," and this would cause an "unnecessary delay to a resolution of the *Franco* Action." *Id.*

In conclusion, however, Defendant offers the following "alternative":

> Rather than quibble about Franco's stated justifications for consolidating the Franco Action and Fraser Action, [Defendant] is willing to allow the plaintiffs in the Fraser Action who have opted in to that matter as of the date of Franco's Motion to Consolidate to opt in to the Franco Action, if counsel for plaintiffs in the Fraser Action will agree to dismiss the Fraser Action.

*Id.* at 9. In response, Plaintiff notes that Defendant rejected this very proposal "when it was apparently unconvinced that these persons would actually seek to vindicate their rights in a separate action." Reply Consol. at 5. Plaintiff argues that the "Court should not allow Defendant to reap the benefit of a bargain it declined simply because it recognizes the imprudence of its decision in hindsight." *Id.*

B. **Legal Standard**

Rule 42(a) provides as follows:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "The decision to consolidate for trial lies within the discretion" of the court. *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 292 (E.D.N.Y. 1998). When exercising that discretion, "courts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). However, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Id.* "So long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Toussie v. County of Suffolk*, 2007 WL 1490463, at *1 (E.D.N.Y. May 21, 2007) (quoting *Walker v. Deutsche Bank, AG*, 2005 U.S. Dist. LEXIS 19776, at *6 (S.D.N.Y. Sept. 6, 2005)) (quotation marks omitted). In that regard, the Second Circuit has noted that "the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff." *Johnson*, 899 F.2d at 1285.

In exercising its discretion to determine whether consolidation is appropriate, the Court must consider the following factors:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual

>and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985)) (alterations in the original).

### C. Discussion

The Court finds that considerations of judicial efficiency outweigh any prejudice that might result from consolidating the *Franco* and *Fraser* matters. The Court further finds that the risk of inconsistent verdicts here is significant, and that factor also favors consolidation. The Complaints in each action contain virtually identical factual allegations, including claims regarding Defendant Ideal Mortgage Bankers, Ltd.'s company-wide policies of allegedly failing to pay overtime compensation and minimum wages. Due to the substantial overlap in parties, factual allegations, and legal issues, discovery in these two actions will involve duplicate document production as well as likely duplicate depositions. As Defendant noted in connection with its opposition to Plaintiff's motion to amend, "Ideal Mortgage reviewed hundreds of thousands of documents and data and produced tens of thousands of pages of information" in connection with this action – to repeat that process in the *Fraser* action would waste considerable time and resources of both the parties and the Court. *See* Def. Opp'n to Am. at 2. As a further example, Plaintiff intends to depose Michael Ashley, Michael Primeau, Helene DeCillis, and Timothy Mayette in both actions – their testimony will presumably cover identical topics. Therefore, it serves the purpose of judicial economy to have these witnesses deposed once for both actions.

Moreover, it is likely that many, if not all, of the Plaintiffs in this action will also be members of the putative class which seeks to assert New York state law claims in *Fraser*. The Court does not find it efficient to force such individuals to prosecute their claims in two separate actions and risk being subject to inconsistent verdicts.

The Court does not find that concerns regarding confusion or prejudice outweigh the benefits of consolidation. It will not be confusing for a jury to hear FLSA and New York state law claims during the same trial. Indeed, courts within this district have repeatedly and consistently found it appropriate to try FLSA and New York state law claims as part of the same action. *See, e.g.*, *Gardner v. W. Beef Properties, Inc.*, 2008 WL 2446681, at *2 (E.D.N.Y. June 17, 2008) ("Despite the alleged incompatibility of the FLSA collective action and a Rule 23 opt-out class, the Court notes that federal courts in New York have regularly allowed the two to coexist.") (collecting cases); *Guzman v. VLM, Inc.*, 2008 WL 597186, at *10 (E.D.N.Y. Mar. 2, 2008) ("I note that it is routine for courts in the Second Circuit to certify state labor law classes in FLSA actions."); *Janokowski v. Castaldi*, 2006 WL 118973, at **1-4 (E.D.N.Y. Jan. 13, 2006) (approving class certification of New York state law claims when the action was already conditionally certified as an FLSA collective action). Moreover, the Court finds that any delay caused by the consolidation is outweighed by the benefits to both parties in avoiding duplicative discovery.

Finally, the Court rejects Defendant's proposed "alternative" to consolidation. *See* Def. Opp'n Consol. at 9. Plaintiff requested that Defendant permit the individuals who missed the deadline to opt-in to the *Franco* action to participate in that action anyway, but Defendant rejected that request. Pl. Mem. to Am. at 3. Now, after both parties have expended time and

14

resources to brief the issue of consolidation, Defendant indicates that allowing the *Fraser* plaintiffs to join the *Franco* action would be acceptable. That ship, unfortunately, has sailed.

**V.  CONCLUSION**

For all the foregoing reasons, Plaintiff's motion for leave to file the Second Amended Complaint is GRANTED. Plaintiff's motion to consolidate this action with *Fraser, et al. v. Ideal Mortgage Bankers, Ltd., et al.*, CV 09-664 (JS) (AKT) is also GRANTED. Going forward, all filings in this case are to be filed under *Franco, et al. v. Ideal Mortgage Bankers, Ltd.*, CV 07-3956 (JS) (AKT). The Clerk of the Court is respectfully directed to close *Fraser, et al. v. Ideal Mortgage Bankers, Ltd., et al.*, CV 09-664 (JS) (AKT).

**SO ORDERED.**

Dated: Central Islip, New York
September 28, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge